In the Matter of the Claim of GERTRUDE HALL, Respondent, against P. FELDMAN & SONS and THE FIREMEN'S FUND INDEMNITY Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of FRANK MCGUIRK, Respondent, against J. J. HARRINGTON & Co., INC., and SECURITY MUTUAL CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of EVELYN HUBLITZ MURRAY, Respondent, against CLARENCE CHAMBERLIN and CHAMBERLIN FLYING SERVICE, INC., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board under the Workmen's Compensation Law for death benefits in favor of the widow and minor son of an alleged employee. Decedent was an airplane pilot, and died from injuries received in an accident while attempting to land a plane at the airport at Troy, N. Y., where he had been engaged in transporting passengers for hire. The main issue is whether he was an employee or an independent contractor, although a question of jurisdiction is also raised. It was conceded that the original relationship between decedent and the Chamberlin Flying Service, Inc., was that of employee and employer. Appellants contend that this relationship was changed by an oral agreement made a short time before decedent's death. The Board rejected this contention and found the original relationship continued. There is evidence to support this finding and the Board was not obliged to accept the testimony in support of the alleged oral agreement. Decedent was killed while employed in a hazardous occupation within the State of New York. The employer or employers had a place of business within this State, but irrespective of this the State Industrial Board had jurisdiction. The testimony as to the ownership of the planes was so conflicting that the Board was justified in making an award against either or both of the appellants. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.